**IT IS ORDERED as set forth below:**



Date: January 22, 2025

_____
**Paul Baisier**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | | |
|---|---|---|
| In re: | : | CASE NO. **24-11002-PMB** |
| **NATHAN CHRISTOPHER GIVIDEN,** | : | CHAPTER 7 |
| Debtor. | : | |
| | : | |
| **ELIJAH BENJAMIN ROBB** and **KORINNE RENEE ROBB,** | : | |
| Plaintiffs, | : | ADVERSARY PROCEEDING |
| v. | : | NO. **24-1022** |
| **NATHAN CHRISTOPHER GIVIDEN,** | : | |
| Defendant. | : | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

Before the Court is *Defendant's Motion to Dismiss Adversary Proceeding* filed by Nathan

Christopher Gividen, the Debtor and Defendant named above (the "Debtor"), on November 18,

2024 (Docket No. 10) and accompanying *Brief in Support of Defendant's Motion to Dismiss Adversary Proceeding* (Docket No. 11)(collectively, the "Motion to Dismiss").  The above-named Plaintiffs, Elijah Benjamin Robb and Korinne Renee Robb (the "Plaintiffs"), who are *pro se*, initiated this Adversary Proceeding (the "Adversary Proceeding") against the Debtor through the filing of a *Complaint* herein on October 28, 2024 (Docket No. 1)(the "Complaint").[1]  To date, the Plaintiffs have not responded to the Motion to Dismiss.

In the Complaint, although the Plaintiffs refer to 11 U.S.C. §§ 523(a)(2), 523(a)(4), 547, 548, 727(a)(3), and 727(a)(4) in its preface, their prayer for relief requests a determination that the claim they assert against the Debtor for damages is nondischargeable under 11 U.S.C. §§ 523(a)(2) and 523(a)(4), or 11 U.S.C. §§ 547 and 548.  The Debtor argues in the Motion to Dismiss that dismissal of the Complaint in its entirety with prejudice is warranted under Rule 12(b)(6), Federal Rules of Civil Procedure ("F.R.C.P."), applicable herein through Rule 7012(b), Federal Rules of Bankruptcy Procedure ("F.R.B.P."), for failure to state a claim upon which relief may be granted.  The Debtor also contends under FRCP 8(a) and 9(b), incorporated herein through FRBP 7008 and 7009, respectively, that the Complaint is further subject to dismissal for failure to allege fraud with sufficient specificity.

**Factual Allegations**

As background, the Debtor states that he scheduled a claim in the amount of $22,900 in favor of Plaintiff Korinne Robb as Kori Hawthorne.[2]  As alleged by Plaintiffs in the Complaint,

---

[1] Plaintiffs also filed an *Amended Complaint* on October 28, 2024, to correct a signature deficiency. Docket No. 6.

[2] The Debtor filed this case under Chapter 7 on July 30, 2024.  Kori Hawthorne filed a proof of claim for $22,900. The Plaintiffs also mention the amount of $12,000 as damages in the Complaint.

2

the Debtor operated a construction business doing business as Southern Oaks Construction.[3] Plaintiffs state that they entered into a contractual agreement with the Debtor in November of 2023 for the construction of a patio on Plaintiffs' front porch at their property located at 504 Christian Circle, Senoia, Georgia, and in March of 2024 entered into an agreement with the Debtor for the staining of a deck and pergola. Plaintiffs allege the Debtor represented that he had purchased materials intended for the porch, but they were never delivered or used for this purpose, and no invoice or receipt was ever produced. Further, relying on the Debtor's representations, Plaintiffs continued funding the project and assumed the work would be performed as agreed and in compliance with local building regulations.

Plaintiffs later discovered, however, that the Debtor did not obtain the required permit and further allege that based on his breach of contract, the Debtor agreed to refund the amount of $12,000 to the Plaintiffs in connection with the porch project as well as to re-do the staining work. This refund was never paid and the Debtor instead filed for bankruptcy relief.

## Standard of Review

Dismissal of a complaint is appropriate under F.R.C.P. 12(b)(6) if it fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is viewed through F.R.C.P. 8(a), which requires that a pleading set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* F.R.C.P. 8(a)(2). Under this standard, "to survive a motion to dismiss, a complaint must now contain factual allegations that are 'enough to raise a right to relief above the speculative

---

[3] Plaintiffs further allege that Southern Oaks Construction was dissolved on December 7, 2016, and Debtor was operating under false pretenses. For purposes of this Motion to Dismiss, Plaintiffs' well-pled allegations of facts are accepted as true.

3

level.'"[4] In addition, pursuant to F.R.C.P. 9(b), fraud must be pled with particularity and, although malice and intent may be alleged generally, facts regarding time, place, and content of any alleged misrepresentations must be provided.[5]

In evaluating a motion to dismiss, the inquiry is limited "to the legal feasibility of the complaint and whether it contains facts and not just labels or conclusory statements." *In re Lafayette*, 561 B.R. 917, 922 (Bankr. N.D. Ga. 2016).[6] The Court "must take the factual allegations of the complaint as true and make all reasonable inferences from those facts to determine whether the complaint states a claim that is plausible on its face*." In re American Berber, Inc.*, 625 B.R. 125, 128 (Bankr. N.D. Ga. 2020)(citations omitted); *see also In re Adetayo*, 2020 WL 2175659, *1 (Bankr. N.D. Ga. May 5, 2020), citing *Ashcroft, supra*, 556 U.S. at 678, quoting *Twombly, supra*, 550 U.S. at 570. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*, *supra*, 556 U.S. at 679. A claim has "facial plausibility" when the facts alleged permit a reasonable inference that the defendant is liable on the grounds asserted. *Bank of Am. v. Seligman (In re Seligman)*, 478 B.R. 497, 501 (Bankr. N.D. Ga. 2012)(citations omitted).

---

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoted in *Berry v. Budget Rent A Car Systems, Inc.*, 497 F.Supp.2d 1361, 1364 (S.D. Fla. 2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017); *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

[5] *United States v. Baxter Intern., Inc.*, 345 F.3d 866, 833 (11th Cir. 2003); *Brooks v. Blue Cross & Blue Shield of Fla, Inc.*, 116 F.3d 1364, 1370-71 (11th Cir. 1997); *Eden v. Eden (In re Eden)*, 584 B.R. 795, 803-04 (Bankr. N.D. Ga. 2018).

[6] A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under a viable legal theory." *Almanza, supra*, 851 F.3d at 1066.

In cases "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft, supra*, 556 U.S. at 679, quoting F.R.C.P. 8(a)(2).  In addition, dismissal is proper "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).[7]

## Discussion

As the Debtor argues, regarding 11 U.S.C. §§ 523(a)(4), 547, 548, 727(a)(3), and 727(a)(4), the Complaint does not set forth sufficient facts to state claims plausible on their face as required by Rule 12(b)(6) in support of the requested relief.[8]  Further, the Complaint provides insufficient specificity under Rule 9(b) for alleged fraud under these provisions.

First, to plead and prove a claim for relief under Section 523(a)(4), it must be alleged that a fiduciary relationship existed between the Plaintiffs and the Debtor.[9]  A contractor, however, does not have a fiduciary relationship with a property owner as contemplated under Section 523(a)(4). *See Wilson v. Gropp (In re Gropp)*, 153 B.R. 350, 352 (Bankr. M.D. Fla. 1993).[10]

---

[7] Although *pro se* complaints are generally reviewed under a more lenient standard, still, this standard "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014)(court will not rewrite a deficient pleading).

[8] No one has disputed, and the Court concludes, that with respect to the nondischargeability claims, this matter constitutes a core proceeding over which the Court has subject matter jurisdiction.  *See* 28 U.S.C. § 157(b)(2)(I) and § 1334; *see also* 28 U.S.C. § 157(b)(2)(F)(preferences), (H)(fraudulent conveyances), & (J)(objections to discharge).

[9] The Plaintiffs as creditors herein bear the burden of proof in prosecuting a cause of action under 11 U.S.C. § 523(a)(4) as well as the claims under Sections 523(a)(2) and 727(a) cited in their Complaint.

[10] Although the Court recognizes that there is some element of trust in just about all commercial contractual relationships, under Section 523(a)(4), fiduciary capacity is construed narrowly and relates to technical trusts created

5

From the allegations as made in the Complaint and proper inferences therefrom, the Plaintiffs have not stated a plausible claim for relief under this provision, as the business dealings at issue do not appear to have created a fiduciary relationship.

Although Plaintiffs may not have a properly asserted claim for breach of fiduciary duty, Section 523(a)(4) also provides an exception to discharge for debts arising from embezzlement.[11] Embezzlement is defined as follows:

> the 'fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come.' *Ga. Dep't Human Servs. v. Ngwangu (In re Ngwangu)*, 529 B.R. 358, 365 (Bankr. N.D. Ga. 2015)(quoting *Fernandez v. Havana Gardens, LLC*, 562 F. App'x. 854, 856 (11th Cir. 2014)). To establish embezzlement, 'Plaintiff must show improper use of property of another that is lawfully in the debtor's possession.' *In re Logan*, 2015 WL 4940041, at *7 (Bankr. N.D. Ga. July 1, 2015). '"Thus, to amount to embezzlement, conversion must be committed by a perpetrator with fraudulent intent."' *In re McQuillin*, 509 B.R. 773, 785 (Bankr. D. Mass. 2014) (quoting *In re Sherman*, 603 F.3d 11, 13 (1st Cir. 2010)). 'Fraudulent intent may be determined from the facts and circumstances surrounding the act.' *In re Veneziano*, 615 B.R. 666, 677 (Bankr. D. Conn. 2020).

*Storm*, *supra*, 2024 WL 1313958, at *3. Based on the allegations in the Complaint, however, the Plaintiffs have not satisfied the facial plausibility test stated above regarding the Debtor's receipt of funds from the Plaintiffs and his intent with respect to their ultimate disposition contrary to the parties' agreement so as to establish embezzlement. As an element of this claim, Plaintiffs would

---

before the alleged misconduct in issue as when there is a designated trustee, identifiable beneficiary, and identifiable trust res or property held in trust by the trustee. *See generally In re Forrest*, 47 F.4th 1229, 1237 (11th Cir. 2022).

[11] "'[T]he claims of fraud or defalcation while acting as a fiduciary under § 523(a)(4) are governed by the heightened pleading standards of Rule 9, while Plaintiff's claims for ... embezzlement under § 523(a)(4) and the claims under § 523(a)(6) are governed by Rule 8.' *In re Wells-Lucas*, 2021 WL 1234454, at *1–2 (Bankr. N.D. Ga. Mar. 31, 2021); *see also In re Presley*, 490 B.R. 633, 639 (Bankr. N.D. Ga. 2013)('Rule 9's heightened pleading standard does not apply to allegations of embezzlement ... under this section.')" *Matter of Storm*, 2024 WL 1313958, at *2 (Bankr. N.D. Ga. Mar. 27, 2024).

need to allege ownership of the funds they contend were misused by the Debtor through entrustment or earmarking such that the Plaintiffs maintained an ownership interest in the funds at issue. Even giving a liberal construction to their Complaint, there are no allegations that the Plaintiffs retained a property right in or to those specific funds, or that the scope of the Debtor's authorization to use such property was limited. In other words, once the funds were paid over to the Debtor, the Debtor took possession of them, and although he was obligated to use them as agreed, if he used those particular funds for other expenses, he could still use 'other' funds in his account to purchase the materials for the Plaintiffs' project. *See In re Case*, 636 B.R. 852, 861-63 (Bankr. S.D. Fla. 2022). As such, the Plaintiffs' claim under Section 523(a)(4) for embezzlement must be dismissed under Rule 12(b)(6) and 8(a).

Next, in Paragraph 14 of the Complaint, Plaintiffs assert that the Debtor's actions in collecting advances constitute fraudulent transfers or preferences. Under settled law, a creditor generally lacks standing on his or her own to bring an action under either Section 547 (voidable preferential transfers) or Section 548 (fraudulent conveyances). These avoidance and recovery powers are typically reserved for use by a case trustee for the benefit and on behalf of the entire estate as opposed to a particular creditor. *See In re McGuirk*, 414 B.R. 878, 879 (Bankr. N.D. Ga 2009). For these and other reasons,[12] the Plaintiffs have not set forth plausible claims for relief under either Sections 547 or 548.

---

[12] The Court is aware that the Chapter 7 Trustee filed a *No Distribution Report* in this case on September 27, 2024. Main Case Docket, *passim*. Even if the Plaintiffs had standing to pursue these claims, they do not set forth a sufficient basis for recovery because these provisions relate to improper transfers *made by a debtor* to the detriment of his creditors. There are no allegations that the Debtor transferred property to other entities; rather, Plaintiffs only allege that he improperly took and received advances from customers including the Plaintiffs that he misappropriated.

7

Regarding Plaintiffs' claim under Section 727(a)(3), the Plaintiffs must allege that a denial of discharge is warranted on grounds that the Debtor—

> has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

11 U.S.C. § 727(a)(3). In the Complaint, the Plaintiffs do not include any allegation of fact in support of a plausible claim that the Debtor here has concealed, destroyed, or falsified records.

Similarly, under Section 727(a)(4), Plaintiffs again fail to allege sufficient facts to support a plausible claim for relief. Under this provision, it must be alleged and proven that a debtor has done one of the following:

> (4) the debtor knowingly and fraudulently, in or in connection with the case—
> (A) made a false oath or account;
> (B) presented or used a false claim;
> (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or
> (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs….

11 U.S.C. § 727(a)(4). The Complaint does not contain any allegation that the Debtor made a false oath or account, that the Debtor "presented or used a false claim" in connection with this case, or that the Debtor "fraudulently gave, offered, received or attempted to obtain money, property, or advantage for acting or forbearing to act." Motion to Dismiss, p. 8. Plaintiffs also do not allege that the Debtor withheld information from any officer of the estate such as the

Chapter 7 Trustee. Thus, a plausible claim for relief has not been made on the facts alleged under Section 727(a)(4).[13]

Lastly, in the Complaint, the Plaintiffs assert that their claim should be excepted from Debtor's discharge on grounds of "actual fraud" by which the Debtor knowingly induced Plaintiffs to provide funds, ostensibly for their renovation project, that they paid, and using them instead for other unrelated purposes. The Debtor allegedly made false representations about purchasing materials with the advances made by the Plaintiffs, as well as obtaining the necessary work permit, when he never intended to complete the project. According to the Plaintiffs, he also allegedly never intended to refund the Plaintiffs' money as he had agreed.[14]

The Debtor urges that, at most, Plaintiffs' conclusory statements set forth a claim for breach of contract, and not a plausible claim for relief under Section 523(a)(2)(A) based on actual fraud or knowing misrepresentation at the time the parties entered into their agreement. Section 523(a)(2)(A) provides as follows:

> a discharge under [S]ection 727 . . . does not discharge an individual debtor from any debt . . . (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by— (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A). A debt may be excepted from discharge under this provision when it occurs "in relation to the commission of 'positive or actual fraud involving moral turpitude or

---

[13] Although the Plaintiffs allege the Debtor falsely operated as a "doing business as" entity, they have not alleged how this affected them or any other creditors. The United States Trustee has obtained an extension of time to review the Debtor's affairs under Section 727. See *Order Granting United States Trustee's Motion for Extension of Deadline*, entered December 23, 2024 (Main Case Docket No. 33)(extending deadline to file a complaint objecting to discharge herein until January 30, 2025).

[14] It appears Plaintiffs are relying on Section 523(a)(2)(A) and not 523(a)(2)(B).

9

intentional wrongdoing.'" *In re Smith*, 578 B.R. 866, 875 (citations omitted). "[L]egal or constructive fraud, which involves an act contrary to a legal or equitable duty that has a tendency to deceive, yet not originating in an actual deceitful design, is insufficient." *Id.* at 876 (citations omitted). Actual fraud occurs when a debtor borrows money or incurs charges, "without the actual, subjective intent to pay the debt thereby incurred." *In re Kendrick*, 314 B.R. 468, 472 (Bankr. N.D. Ga. 2004).

Proof of false representation under Section 523(a)(2)(A) requires "more than an alleged representation by a debtor of an intent to perform a certain action in the future." *Smith*, 578 B.R. at 876, citing *In re Farmery*, 2014 WL 2986630, at *2 (Bankr. N.D. Ga. Apr. 11, 2014)(other citations omitted). The Plaintiff must allege that "*at the time when the Debtor entered*" *the agreement at issue*, the debtor "either knew that [he] lacked the ability" to perform the service for the plaintiff "or that [he] had no intent" to perform the service. *See Smith*, 578 B.R. at 876 (emphasis supplied), citing *In re Thomas*, 217 B.R. 650, 653 (Bankr. M.D. Fla. 1998); *In re Hutchinson*, 193 B.R. 61, 65 (Bankr. M.D. Fla. 1996). Further, an inability to perform the service "in and of itself does not support an inference that the Debtor never intended" to perform. *Smith,* 578 B.R. at 877, citing *Farmery*, 2014 WL 2986630, at *2 (other citations omitted).

False pretenses under Section 523(a)(2)(A) have been defined as "implied misrepresentations or conduct intended to create or foster a false impression." *See In re Cawthon*, 594 B.R. 913, 920 (Bankr. N.D. Ga. 2018), citing *In re Arlington*, 192 B.R. 494, 498 (Bankr. N.D. Ill. 1996). A 'false pretense' is established or fostered willfully, knowingly and by design; it is not the result of inadvertence. *See Cawthon*, 594 B.R. at 920 citing *In re Burke*, 405 B.R. 626, 645 (Bankr. N.D. Ill. 2009), *aff'd sub nom*, *Cole Michael Inv., L.L.C. v. Burke*, 436 B.R. 53 (N.D.

10

Ill. 2010). False pretenses do not require overt misrepresentations, but the debtor must know that he is creating a false impression upon the plaintiff. *See Cawthon*, 594 B.R. at 920, citing *Arlington*, 192 B.R. at 498; *see also In re Brandon*, 297 B.R. 308, 313 (Bankr. S.D. Ga. 2002).

Failure to repay a debt or to perform an action alone do not give rise to false pretenses, false misrepresentation, or fraud under Section 523(a)(2)(A). Rather, this provision contemplates a debtor's specific intent to mislead, trick, or cheat. *See First Nat'l Bank of Mobile v. Roddenberry*, 701 F.2d 927, 932 (11th Cir. 1983); *In re Lee*, 450 B.R. 231, 234 (Bankr. N.D. Ga. 2011). Considering a debtor is unlikely to admit that "she made a promise without the intent to perform or that she made a false statement or omission with the intent to deceive the creditor, the court is permitted to infer such fraudulent intent from the facts and circumstances of the case." *In re Bucciarelli*, 429 B.R. 372, 375–76 (Bankr. N.D. Ga. 2010)(Drake, J.); *see also In re Bullock,* 317 B.R. 885, 890 (Bankr. N.D. Ala. 2004); *In re Hall,* 228 B.R. 483 (Bankr. M.D. Ga.1998).[15] The "determination of the debtor's fraudulent intent to deceive depends in large measure upon the assessment of the debtor's credibility made by the [c]ourt and the demeanor of the particular debtor." *Bullock*, 317 B.R. at 890 n.1 (citations omitted).[16]

---

[15] *See also In re Santiago*, 2009 WL 6498533, at *2 (Bankr. N.D. Ga. Aug. 10, 2009)(noting that a court should focus on the debtor's subjective, not objective, intent in assessing a claim under 11 U.S.C. § 523(a)(2)(A)); *In re Lee*, 2007 WL 7143066, at *3 (Bankr. N.D. Ga. Nov. 12, 2007)(courts look to the surrounding facts and circumstances to determine intent).

[16] *See also Rosen v. Protective Life Ins. Co.*, 817 F.Supp.2d 1357, 1375 (N.D. Ga. 2011), *aff'd sub nom. Rosen v. Am. Guarantee & Liab. Ins. Co.*, 503 F. App'x 768 (11th Cir. 2013)("'Fraudulent intent at the time of contracting can be inferred based on subsequent conduct of the defendant that is unusual, suspicious, or inconsistent with what would be expected from a contracting party who had been acting in good faith'" (quotations and citations omitted)), quoted in *K.A.P., Inc. v. Hardigan*, 560 B.R. 895, 900 (S.D. Ga. 2016). "'Nevertheless, the subsequent failure of the debtor to pay, without more, is not sufficient to establish that the debtor lacked the intent to pay when the representation was made.'" *Ibid*, quoting *Bullock,* 317 B.R. at 890.

On review, the Court concludes that the Plaintiffs have set forth a plausible claim under Section 523(a)(2)(A) based on their allegations that the Debtor made representations on which they relied in paying him certain funds to complete a renovation project that he did not intend to perform. Because the primary issue here will focus on the Debtor's intent at the time of the agreement, it will need to be decided through an evaluation of witness testimony in open court.

## Conclusion

In light of the foregoing discussion, it is

**ORDERED** that the Motion to Dismiss is **GRANTED in part**, and the counts of the Complaint under 11 U.S.C. §§ 523(a)(4), 547, 548, 727(a)(3), and 727(a)(4) are **DISMISSED** without prejudice subject to the following provision; and it is further

**ORDERED** that the Plaintiffs are allowed **twenty-one (21) days** from the date of entry of this Order to replead the counts related to their claims for exception to discharge under 11 U.S.C. § 523(a)(4) and objection to discharge under §§ 727(a)(3) and 727(a)(4) in accordance with this Order. If the Plaintiffs file a timely amended complaint, the Debtor will be allowed **twenty-one (21) days** to file his answer or other responsive pleading. If the Plaintiffs do *not* file an amended complaint timely, then those counts will **remain dismissed** as provided herein.

Finally, it is further

**ORDERED** that the Motion to Dismiss is **DENIED** with respect to Plaintiffs' claim for relief under 11 U.S.C. § 523(a)(2)(A).

The Clerk is directed to serve a copy of this Order upon the Plaintiffs, the Debtor, counsel for the Debtor, the Chapter 7 Trustee, and the United States Trustee.

**[END OF DOCUMENT]**